No. 391          April 30, 2025          263

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICTOR ANOTONIO ROJAS-HUERTA,
*Defendant-Appellant.*
Washington County Circuit Court
22CR54365; A182061

Theodore E. Sims, Judge.

Submitted March 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant was convicted of attempted fourth-degree assault, ORS 163.160(3); first-degree criminal possession of a forged instrument, ORS 165.022; and two counts of fourth-degree assault, ORS 163.160(3). The trial court sentenced defendant to three years' probation, a fine, and restitution. The judgment provides that defendant is subject to six special conditions of probation that were not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). Here, the trial court erred in imposing six special conditions of probation in the judgment because those conditions were not announced at sentencing.[2] The appropriate remedy is a remand for resentencing. *Id.* at 584.

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

[2] Those conditions are:

"Defendant is placed on Formal Probation and shall report immediately to the Probation Department. You will be referred to Evaluation Services and participate in a DUII screening interview. The defendant must enter into a treatment program(s) within 30 days of the interview. Defendant shall remain in said program until successfully completed. Defendant must sign any releases of information required by Community Corrections and Evaluation Services.

"Defendant is prohibited from consuming or possessing any alcohol.

"Defendant is prohibited from entering upon the premises of any bars, taverns, or liquor stores.

"If requested, defendant must submit to field sobriety and/or breath tests.

"Defendant shall submit to any random body substance testing at the request of supervising officer, having reasonable grounds to believe such testing will disclose evidence of a violation [and] to determine if defendant is in compliance with conditions of supervision. Any refusal is a violation of probation.

"Defendant shall submit to a polygraph examination at the request of the supervising officer, having reasonable grounds to believe such testing will disclose evidence of a violation and to determine if defendant is in compliance with conditions of supervision. Any refusal is a violation of probation."